IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tammy Russell, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 5009 |
| Receivable Management, Inc., a Texas corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Tammy Russell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Tammy Russell ("Russell"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt she owed to a hospital, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Receivable Management, Inc., is a Texas corporation ("Receivable") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Receivable operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant Receivable was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Russell.

## FACTUAL ALLEGATIONS

5. Ms. Russell is a disabled woman, with limited assets and income, who fell behind on paying her bills. When Defendant Receivable began collection actions on the hospital debt, Ms. Russell sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Receivable's collection actions.

6. Accordingly, via a letter, dated February 10, 2010, but faxed February 11, 2010, one of Ms. Russell's attorneys at LASPD informed Defendant Receivables, in writing, that Ms. Russell was represented by counsel, and directed Receivables to cease contacting her, and to cease all further collection activities because Ms. Russell was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit A.

7. Nonetheless, Defendant Receivables called Ms. Russell, from phone number 800-916-1995, to demand payment of the hospital debt, including, but not limited to, a telephone call on March 10, 2010.

8. Defendant Receivable's collection actions complained of herein occurred within one year of the date of this Complaint.

9. Defendant Receivable's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

12. Here, the letter from Ms. Russell's agent, LASPD, told Defendant Receivable to cease communications and cease collections (Exhibit A). By continuing to communicate regarding this debt and demanding payment, Defendant Receivables violated § 1692c(c) of the FDCPA.

13. Defendant Receivable's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

14. Plaintiff adopts and realleges ¶¶ 1-9.

3

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

16. Defendant Receivable knew that Ms. Russell was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit A), that she was represented by counsel, and had directed Defendant Receivables to cease directly communicating with Ms. Russell. By directly calling Ms. Russell, despite being advised that she was represented by counsel, Defendant Receivables violated § 1692c(a)(2) of the FDCPA.

17. Defendant Receivable's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Tammy Russell, prays that this Court:

1. Find that Defendant Receivable's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Russell, and against Defendant Receivable, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tammy Russell, demands trial by jury.

Tammy Russell,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 10, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com